IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CAROLYN GRANT,

      Plaintiff,

v.              CIVIL ACTION NO.  5:17-cv-04053

UNITED STATES DEPARTMENT OF
JUSTICE, BUREAU OF PRISONS, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *United States' Motion to Dismiss Defendants and Substitute the United States* (Document 11) and supporting memorandum (Document 12).   In addition, the Court has reviewed the *Defendant's Motion to Dismiss* (Document 14), supporting memorandum Document 15) and exhibits, the *Plaintiff's Response to Defendant's Motion to Dismiss* (Document 16), and the *United States of America's Reply to Plaintiff's Response to Defendant's Motion to Dismiss* (Document 19).   For the reasons stated herein, the Court finds that the motion to dismiss should be denied.

### FACTUAL ALLEGATIONS

The Plaintiff, Carolyn Grant, is an inmate at Alderson Federal Prison Camp in Alderson, West Virginia.   On March 13, 2015, Ms. Grant tripped on a broken sidewalk and hit her head on the concrete.   She asserts that other inmates had tripped on the same broken sidewalk previously, making the prison aware of the dangerous condition of the sidewalk.   Ms. Grant also asserts that

inmates were required to walk on the sidewalks and could be disciplined for leaving the sidewalk to walk on the grass.

After her fall, Ms. Grant went to Health Services in the prison, where the on-site doctor, an OB/GYN, told her to return to her dormitory and go to sleep. She began suffering extreme headache, nausea, and vision problems, and Health Services eventually transported her to the Greenbrier Valley Medical Center in Lewisburg, West Virginia. A CT scan revealed swelling and bleeding of the brain, and she was flown to the University of Virginia Medical Center. Another CT scan revealed continuous bleeding of the brain. She was admitted to the ICU, and then returned to the prison, to allow the brain swelling to subside in preparation for surgery. The prison staff required her to walk from place to place within the prison camp, and her condition deteriorated. Ms. Grant was returned to UVA and taken into surgery on March 19, 2015. She underwent another brain surgery on March 23, 2015, due to continued bleeding of the brain. On March 27, 2015, Ms. Grant was released to Summers County Rehabilitation in Hinton, West Virginia. After five physical therapy sessions, she was returned to the prison on April 9, 2015.

Ms. Grant asserts that her medical bills totaled $264,089.21 as of February 23, 2017. She has permanent impairments as a result of the fall, and anticipates needing continued medical care for the rest of her life. She had an MRI on April 28, 2016, and saw an outside neurologist on May 10, 2016. The outside neurologist diagnosed her with traumatic brain injury and lesions on her brain, and instructed her to continue treatment and receive additional MRIs. Prison officials have refused to permit her to continue receiving outside treatment.

Ms. Grant asserts a claim, pursuant to the Federal Tort Claims Act (FTCA) for Negligence – Premises Liability. She filed an administrative tort claim on March 1, 2017. The Bureau of Prisons denied the administrative claim on October 18, 2017.

## STANDARD OF REVIEW

*A. Motion to Dismiss for Lack of Jurisdiction – Rule 12(b)(1)*

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) *rejected on other grounds, Sheridan v. United States,* 487 U.S. 392 (1988) (but explaining that a court should accept the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint). Reasonable discovery may be necessary to permit the plaintiff to produce the facts and evidence necessary to support their jurisdictional allegations. *Id.* The plaintiff has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). Dismissal for lack of subject matter jurisdiction is proper only if there is no dispute regarding the material jurisdictional facts and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

*B. Motion for Summary Judgment*

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as

3

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of

4

credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

The Defendants move first to substitute the United States as the sole Defendant in this action, as required under the FTCA. The Plaintiff did not respond to that motion, and it should be granted.

The United States next moves to dismiss the Plaintiff's complaint, invoking the discretionary function exception to the FTCA. It asserts that decisions about when and whether to repair the sidewalks are discretionary and grounded in policy. Even if the FTCA were applicable, the United States asserts that it is entitled to summary judgment based on the open and obvious doctrine because the uneven area of sidewalk was clearly visible. The Plaintiff argues that the United States has a duty, reflected in a prison handbook, to keep the facility in safe and reasonable condition. She further asserts that an expert would testify that the sidewalk could not have deteriorated to the extent shown in the United States' photographs (att'd as exhibits to Document 14-2) within the few months between the United States' last facility inspection and her

fall. Finally, she argues that the open and obvious doctrine does not relieve the United States of the duty to exercise due care and maintain its facilities in safe condition.

### A. Discretionary Function

The FTCA established federal jurisdiction for tort claims against the United States for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). 28 U.S.C. § 2680(a) provides that the waiver of sovereign immunity for the FTCA "shall not apply to any claim…based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The discretionary function exception applies to conduct that "involves an element of judgment or choice" and "that judgment is of the kind that the discretionary function exception was designed to shield." *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988). "In sum, the discretionary function exception insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." *Id*. at 537. The discretionary function exception applies to decisions made pursuant to a delegation of authority by Congress to implement general provisions of a regulatory statute. *United States v. Gaubert*, 499 U.S. 315, 323 (1991). "In addition, the actions of Government agents involving the necessary element of choice and grounded in the social, economic, or political goals of the statute and regulations are protected." *Id.*

The Fourth Circuit has described the evaluation of the discretionary function exception as a "two-step analysis," beginning with determining "whether the conduct in question involves an element of judgment or choice." *Wood v. United States*, 845 F.3d 123, 128 (4th Cir. 2017) (internal quotation marks and citation omitted). "Second, when the challenged conduct is the product of judgment or choice, the court must still determine whether the decision made was 'based on considerations of public policy.'" *Id.* (quoting *Berkovitz*, 486 U.S. at 537). The Fourth Circuit further noted that "[b]ecause waivers of sovereign immunity must be strictly construed, the plaintiff bears the burden of demonstrating jurisdiction and showing that none of the FTCA's exceptions apply. *Id*. at 127.

The Court finds that the choice not to repair a broken sidewalk at a prison camp, although it involves an element of choice, was not based on public policy. The Fourth Circuit's recent analysis in *Wood* is particularly instructive. In *Wood*, a Navy base permitted local law enforcement officers to use its facilities for training purposes. A deputy was injured when she jumped from a training structure onto a set of mats and fell into a gap between the mats. *Wood*, 845 F.3d at 125. The Fourth Circuit found that her claims were barred by the discretionary function exception because the relevant statutory scheme, as well as policies, provided military officers with discretion regarding use of facilities by civilian law enforcement. *Id*. at 130. The court concluded that the decisions to leave the mats in their allegedly dangerous condition, infrequently inspect the training facility, and not warn civilian trainees about the condition "fall comfortably within [the] overarching policy of balancing open civilian use, civilian safety, military preparedness, and costs." *Id*. at 131. However, the court carefully distinguished its holding from premises liability cases with no "statutory, regulatory, or internal policy…encompassing

7

the…decisions." *Id.* (explaining that "the requirement that shielded conduct be taken pursuant to <u>specific policies</u> expressed in federal law explains some of those courts' reluctance to apply the discretionary function exception") (emphasis in original).

Here, no policy or statute directly relates to the BOP's maintenance of prison facilities. A handbook sets forth a general obligation to provide a safe, humane, and orderly facility. A program statement requires annual inspections of the premises, but does not specify maintenance requirements. In short, there is neither a mandatory duty requiring employees to maintain sidewalks nor a specific grant of discretion related to facility maintenance. There is an element of choice involved in deciding whether to repair a broken sidewalk. Therefore, the Court must determine whether that choice was based on public policy and "grounded in the social, economic, or political goals of the statute." *Gaubert*, 499 U.S. at 323.[1] The only policy consideration potentially implicated in a decision about whether to repair a sidewalk is the economic cost of the repair. Maintaining and repairing the physical infrastructure of government property will always implicate some economic considerations. However, unless the United States is generally immune from premises liability suits, those considerations are not of the type intended to be protected by the discretionary function exception to the FTCA, absent some statutory scheme, policy, or regulation describing the policy goals and granting discretion, as in *Wood*. Accordingly, the Court finds that the BOP's decision not to repair a sidewalk that inmates were required to use on

---

[1] The United States cites *Berkovitz*' holding that the discretionary function exception is not applicable when an agency fails to comply with a mandatory directive to argue that "if no federal statute, agency regulation, or policy directive imposes mandatory duties upon the federal actors, then the exception leaves the court without subject matter jurisdiction." (Def.'s Mem. at 6-7.) The Court declines to accept the United States' position that the discretionary function exception automatically applies in the absence of mandatory directives requiring specific agency action. *Berkovitz* held that courts *do* have jurisdiction when the action violated a mandatory directive, and established a framework for consideration of cases without such a mandatory directive.

a daily basis was not a decision based on public policy considerations.[2] The Plaintiff has met her burden of showing that the Court has jurisdiction over her allegations against the United States. The United States' motion to dismiss for lack of subject matter jurisdiction should, therefore, be denied.

### B. *Motion for Summary Judgment – Open and Obvious Doctrine*

Inasmuch as the Court has reviewed the exhibits, attached to the motion to dismiss and the response, relative to this particular argument, the Court construes the motion as one for summary judgment and has used the applicable standards. FTCA claims are evaluated under the substantive law of the state where the tort occurred. *Cibula v. United States*, 551 F.3d 316, 319 (4th Cir. 2009). The basic elements of a negligence claim are duty, breach of that duty, causation, and damages. "In order to establish a negligence claim in West Virginia, '[a] plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff.'" *Cline v. 7-Eleven, Inc.*, 2012 WL 5471761 (N.D.W. Va. Nov. 9, 2012) (citing *Neely v. Belk, Inc.,* 668 S.E.2d 189, 197 (W.Va.2008)). The West Virginia Supreme Court has established the following factors for premises liability cases:

> In determining whether a defendant in a premises liability case met his or her burden of reasonable care under the circumstances to all non-trespassing entrants, the trier of fact must consider (1) the foreseeability that an injury might occur; (2) the severity of injury; (3) the time, manner and circumstances under which the injured

---

2 The discretionary function exception is analyzed under the specific policies, regulations, and statutes at issue in each case. However, the Court notes that it often applies to decisions related to an agency's core functions, as the regulatory framework confers discretion for those functions. Thus, the Fifth Circuit's decision in *Gonzalez v. United States*, 851 F.3d 538 (5th Cir. 2017), holding that the discretionary function exception applies to the Forest Service's decisions about maintenance of bicycle trails, is less similar to the facts presented herein than it may appear at first glance. The Forest Service makes policy decisions, large and small, about trail maintenance because those policies are part of the agency's regulatory purview. Neglecting to repair a sidewalk at a prison camp is not a policy decision within the BOP's regulatory purview.

> party entered the premises; (4) the normal or expected use made of the premises; and (5) the magnitude of the burden placed upon the defendant to guard against injury.

Syl. pt. 4, *Hersh*, 752 S.E.2d at 338 (citing Syl. pt. 6, *Mallet v. Pickens*, 522 S.E.2d 436 (W. Va. 1999).

West Virginia established the open and obvious doctrine by statute, effective February 18, 2015. That statute provides:

> A possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers.

W. Va. Code § 55-7-28(a). The Legislature explained its intent that the statute "reinstates and codifies the open and obvious hazard doctrine….to its status prior to the decision of the West Virginia Supreme Court of Appeals in the matter of *Hersh v. E-T Enterprises, Limited Partnerships*, 232 W.Va. 305 (2013). Thus, West Virginia case law applying the open and obvious doctrine prior to 2013 remains useful in evaluating claims. *See*, *W. Liberty Univ. Bd. of Governors v. Lane*, No. 16-0942, 2018 WL 300564, at *4 (W. Va. Jan. 5, 2018) (unpublished) (citing pre-2013 precedent in considering the statutory open and obvious doctrine).

In West Virginia, "[t]he owner or the occupant of premises owes to an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition." Syl. Pt. 2, *Burdette v. Burdette*, 127 S.E.2d 249, 250 (W.Va. 1962). The court in *Burdette* approvingly cited treatises describing the open and obvious doctrine, including the following rule: "There is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant." *Id*. at 552 (quoting 38 Am.

Jur., Negligence, Section 97). The court has also quoted the following: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care." *Id*. (quoting 65 C.J.S. Negligence § 50); *see also McDonald v. Univ. of W. Virginia Bd. of Trustees*, 444 S.E.2d 57, 61 (W. Va. 1994) ("The duty to keep premises safe does not apply to defects or conditions which should be known to the invitee or which would be observed by him in the exercise of ordinary care."). However, the West Virginia Supreme Court recently held that "[t]he open and obvious statute does not abrogate" the "duty to exercise ordinary care and keep and maintain the premises in a reasonably safe condition." *W. Liberty Univ. Bd. of Governors*, 2018 WL 300564, at *4.

The United States submitted photographs of the section of broken sidewalk that caused Ms. Grant's fall. The photographs depict a section of the sidewalk, leading from a pathway to a paved area in front of a building, with an uneven gap in the pavement at least a foot long that extends all the way across the walkway. According to Ms. Grant, as well as an affidavit from another inmate, the sidewalk had been in poor condition for some time, and was the site of previous accidents. This motion was submitted prior to discovery, and factual development is limited. It is not clear how long the pavement was in poor condition or when BOP employees became aware of it. There is a factual dispute as to whether the condition was present at the time of the BOP's annual inspection. The Court finds that a reasonable jury could conclude that the United States did not exercise ordinary care to maintain the premises in a reasonably safe condition. The Court further finds that a reasonable jury could find that a person walking with ordinary care would not necessarily notice the broken sidewalk. Although the gap in the pavement is clearly visible,

reasonable minds may differ as to the level of care and observation a reasonable person should exercise while walking on a paved walkway. Accordingly, the Court finds that the United States has not met its burden of demonstrating that it is entitled to judgment as a matter of law. Therefore, summary judgment should be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *United States' Motion to Dismiss Defendants and Substitute the United States* (Document 11) be **GRANTED** and that the United States be substituted as the sole Defendant. The Court **ORDERS** that Barbara Rickard, Don Padgett, and the United States Department of Justice and Bureau of Prisons be **DISMISSED** as Defendants. The Court further **ORDERS** that the *Defendant's Motion to Dismiss* (Document 14), including the portion construed as a motion for summary judgment, be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 28, 2018

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA